John P. Marshall v. John Marshall and William Marshall.

No informality, nor irregularity, in the writ of attachment, nor in the affidavit on which it is founded, nor in the docketing of the suit, will avail as a defence against an action by a constable for taking the goods from his custody and possession, after he has attached them.

TRESSPASS for taking and carrying away eight pine logs valued at twenty dollars each. The plaintiff was a constable and had taken them by virtue of a writ of attachment issued upon the affidavit of John W. Walker before a justice of the peace against Captain William Rogers and owners of the steamboat Albert Horn, and had them lying in Lewes Creek. The defendants afterward took them at night from the creek out to a steamboat in the bay, which towed them away, up the river.

On behalf of the defendants it was argued that it was necessary for the plaintiff to prove, first, that the property taken was the property of the defendants in the writ of attachment; secondly, that the logs taken away by the defendants in the suit, were the same logs which had been taken by the plaintiff as constable on the attachment, and also that it should appear that the writ of attachment was a regular and valid process, which in this case it could not be, because it was at the suit of the plaintiff therein, John W. Walker against Captain William Rogers and owners of the steamboat Albert Horn, without naming the owners, or stating who they were.

*But the Court charged the Jury,* that it was incumbent upon the plaintiff in the action to prove that he had attached the property in question and had it in his possession under and by virtue of the attachment at the time the same was taken away by the defendants, that is to say, either in his actual or constructive possession; and if they were satisfied that the logs taken away by the defendants were the same as had been attached by the

plaintiff under the writ, though lying in the creek, the law would adjudge the possession of them to have been in the plaintiff, as constable, at that time. That no informality, nor irregularity in the process of attachment, nor in the affidavit on which it was issued, nor in the docketing of the suit before the justice of the peace, could avail the defendants in the present action, as the possession of the plaintiff was a lawful possession and the legal custody of the property was then in him, and he was legally responsible for the forthcoming of it, and the gist of the action against the defendants, was the wrongfully depriving the plaintiff of the possession of it.

*C. R. and C. S. Layton* for Plaintiff.
*C. M. and E. D. Cullen* for Defendants.